ROSA RAPP ET AL. V. MAGDALENA BECKER ET AL.

**1. CHARGE THAT IMPORTANT ITEM OF EVIDENCE IN WILL CONTEST IS WILL ITSELF ERRONEOUS.**

In a suit to set aside a will upon the ground of mental incapacity and undue influence a charge to the jury that "the important item of evidence bearing upon the condition of the mind of the testator is the will itself," although followed by the statement that it is for the jury to determine what weight shall be given it, is erroneous because in designating the will an important item and calling the attention of the jury especially to it, the court invades the province of the jury by inviting a substitution of its opinion for that of the jury.

**2. UNDUE INFLUENCE NOT EFFORT TO COERCE, BUT EFFECT OF COERCION UPON TESTATOR.**

Undue influence, as understood in the law of wills, is not the effort or attempt to coerce, but the effect that the restraint or threats have upon the testator, and although the purpose to coerce may be ever so clear and certain, yet if the restraint or threats fail to control or affect the testator there can be no undue influence.

**3. GIVING OF CORRECT AND INCORRECT CHARGES UPON SAME MATTER PREJUDICIAL ERROR, WHEN.**

Where, with reference to the same matter, the court gave both a correct and an incorrect charge, and it cannot be determined by the reviewing court which charge the jury followed, the giving of the incorrect charge will be deemed to be prejudicial error.

**4. EVIDENCE OF CIRCUMSTANCES INFLUENCING TESTATOR BUT UNKNOWN TO HIM ADMISSIBLE.**

It is not literally true that, "what the testator never knew could not have influenced him, and should not have been admitted in evidence," because certain conditions, the cause of which was unknown to him, might have influenced him in the execution of the will, and a purpose of influencing the testator would be all the more effective if the agency of the person entertaining such purpose was concealed.

**5. JUROR NOT GUILTY OF MISCONDUCT BECAUSE OF MISSTATEMENT, WHEN.**

A juror is not guilty of misconduct because, in an examination touching his qualification as such, he misstated his relation to a previous case when the misunderstanding arose not from intentional misrepresentation by him, but from the mode of inquiry adopted by counsel.

21   O. C. C.   Vol.   26

ERROR to Hamilton common pleas court.

**Burch & Johnson,** for plaintiffs in error.

**Horstman & Horstman,** for defendant in error:

Evidence. Abbott, Trial Ev. Secs. 63, 68, 69, 70; 27 Am. & Eng.. Enc. Law (1 ed.) 496, 499, 501, 504, 505, 507, 508; Kinkead, Instructions & Journal Entries 484; Page, Wills Secs. 394, 401, 404, 423, 429.

Misconduct of jurors. Wright v. Burchfield, 3 Ohio 53; Hayward v. Calhoun, 2 Ohio St. 164; Tracy v. Card, 2 Ohio St. 431; Snyder v. Ream, 1 Dayton 167, 168; Thomas v. Clark Co. (Comrs.) 5 Dec. 510 (5 N. P. 453); 17 Am. & Eng. Enc. Law (2 ed.) 1166, 1169, 1170, 1204, 1206, 1208, 1209; Fitzpatrick v. People, 98 Ill. 269, 270; Eastman v. Wight, 4 Ohio St. 156, 157; Kenrick v. Reppard, 23 Ohio St. 333; Watts. v. Ruth, 30 Ohio St. 32; Drinkwater v. Jones, 7 Circ. Dec. 173 (13 R. 489); Toledo Real Estate & Invest. Co. v. Putney, 10 Circ. Dec. 698 (20 R. 486); Ludlow v. Park, 4 Ohio 5, 44; Hinton v. Wade, 5 Ohio 509, 513. [24 Am. Dec. 315]; Breck v. State, 2 Circ. Dec. 477 (4 R. 160).

The cases of Thompson v. Bennett, 194 Ill. 57 [62 N. E. Rep. 321]; Rutherford v. Morris, 77 Ill. 397; Merriman's Appeal, In re, 108 Mich. 454, 458 [66 N. W. Rep. 372]; Thompson v. Thompson, 13 Ohio St. 356; Page, Wills Sec. 130, cited by plaintiff in error, do not support his contentions.

**GIFFEN, J.**

The original action was brought to set aside the will of Frank Rapp, deceased, on the ground of mental incapacity and undue influence.

The evidence was insufficient to sustain the verdict setting aside the will upon the ground that the testator was of unsound mind, and could only be sustained upon the ground that the beneficiary, Rosa Rapp, exerted undue influence over the testator at the time of the execution of the will. The testimony of the plaintiffs tends to show that the testator, through the efforts of Rosa Rapp, was estranged from his other sisters, although the only evidence that it was operative at the time of the execution of the will was the want of any provision for the other sisters by the will itself. We are unwilling, however, to reverse the judgment upon this ground.

It is claimed by the plaintiffs in error that the court erred in giving certain special charges at the request of the defendants in error:

"If the jury find that Frank Rapp was at the time of the making of his will in a morbid condition of mind, so that his brain was affected by disease, crazed by stimulants or other causes so as to lead him to do·

things which at other times he would not have thought of doing, in the eye of the law his feelings, desires and acts at such time are not considered to be the feelings, desires and acts of the man, and a will made by him under such influences and conditions of mind would not be his will, if such influences affected his mind to such extent that he was unable to understand and appreciate his relations to and obligations to his relatives and the persons who would be the natural objects of his bounty in making his will.''

Counsel claim that the word ''obligations'' in this charge means *legal obligations* to his relatives, but it is not so expressed, and taken in connection with the special charges given at the request of the defendants below it clearly appears that the court was referring to the moral obligations or duty of the testator to his relatives.

The court also charged the jury as follows:

''In cases like the one at bar, the important item of evidence bearing upon the condition of the mind of the testator is the *will itself* and although the fact that a will is unjust, or wrong, or absurd, does not of itself prove the incapacity of the testator to make a will or that it was made by him under undue influence, yet it is an item of evidence for the jury to consider as bearing upon the question and it is for the jury to determine what weight shall be given it.''

The objection to this charge is that it gives undue prominence to the single item of evidence, to wit, *the will.* It is true that the court adds that it is for the jury to determine what weight shall be given to it, but by designating it as an important item and in calling the jury's especial attention to such item, the court invades the province of the jury by inviting a substitution of its opinion for that of the jury. We think, therefore, that there was error in giving the charge.

The following charge was also given:

''In order to constitute undue influence in the making of a will it is not required that any physical force should be used, but any restraints or threats or influence brought to bear upon the testator, or persistent importunities which he has not the strength to resist, if exerted upon him to coerce him into making a will or any of its provisions, is undue influence within the meaning of the law. And it matters not how small or great the influence may be so long as it destroys the free agency of the testator:''

The clause in this charge ''if exerted upon him to coerce him into making a will'' is equivalent to saying, if exerted for that purpose it would constitute *undue influence*, but it is not the effort or attempt to

coerce, but it is the effect the restraint or threats have upon the testator that constitutes undue influence.

The purpose to coerce may be ever so clear and certain, yet if the restraint or threats fail to control or affect the testator there can be no undue influence. It appears that the court gave a correct charge on this subject at the request of the plaintiffs in error, but it cannot now be determined which charge the jury followed, hence we think it was error prejudicial to the plaintiffs in error.

The next alleged error is the admission in evidence of the declaration of Rosa Rapp, at page 55 of the bill of exceptions, where, in speaking the testator associating with Carrie Heckle, she said:

"That she didn't think that she was a girl for Frank to go with. Frank ought to get somebody his kind that had money like he did."

This was said not in the presence of the testator nor was it otherwise communicated to him. We think it is therefore irrelevant and immaterial, but not prejudicial.

The next alleged error is the admission of the declaration of Rosa Rapp, page 158 of the bill of exceptions, as follows:

"Rosa told me that Jacob had $1,500, and Frank $500 in the business."

Jacob and Frank had been partners in the business and upon the death of Jacob, Frank had treated the partnership as though they were equal partners. This declaration was not competent to prove the amount that each partner had put in the business, nor was it competent as an admission against interest, it having been made during the lifetime of Jacob when Rosa had no interest under the will of Frank Rapp.

The declaration of Rosa Rapp, page 262, made to her sister, Frida Distel, when she signed a paper releasing to her father and mother her interest in the estate of her deceased brother, Jacob, was irrelevant and immaterial, but not prejudicial.

The account given by Mary Dotzauer, of the action of the mother when it was claimed she was pursued by Rosa Rapp, tended to prove misconduct of Rosa Rapp and undue influence over her mother, but it has no tendency to prove undue influence over the testator, especially as it occurred after the execution of the will. It was, therefore, error in admitting it as evidence.

Counsels for plaintiffs in error state the following rule:

"What the testator never knew could not have influenced him, and should not have been admitted in evidence."

This is not literally true, because certain conditions, the cause of

which was unknown to the testator, might have influenced him in the execution of the will. If Rosa Rapp created such conditions, and they influenced the testator, she is responsible therefore, although he may have been entirely ignorant of her agency. If she entertained any purpose of influencing the testator, it would be all the more effective if her connection with it was concealed.

The evidence tending to show that Frank Rapp was not an equal partner with his brother Jacob, and that therefore he obtained money which properly belonged to the estate of Jacob Rapp was admissible to show the source of that part of Frank Rapp's estate, and as to which there was an additional obligation to his sisters.

It is further claimed that there was misconduct on the part of one of the jurors when examined, touching his qualifications as juror, it being claimed that he answered "No" to a question whether he had been a party to a suit involving the contest of a will, when in fact he was such party. The following examination occurred:

"Have you ever been parties to any proceeding in which a will has been contested? You have, Mr. Thornton? Will you kindly tell us what the nature of it was? Mr. Thornton. "Well, it was Kirby against Kirby."

"You were a witness in the case?" A. "No, I was not a witness. I was connected with it."

Q. "You simply had some relationship to some of the parties to the suit; that is, you were not a party yourself?" A. "No."

The record is incumbered with a great mass of testimony upon this question alone, submitted at the hearing of a motion for a new trial. If it serves any good purpose it shows that the juror did not intentionally misstate his relation to the case of Kirby against Kirby, and that the misunderstanding was due not to any misconduct of the juror, but to the mode of inquiry adopted by counsel. He was advised by the juror that he was not a witness, but was connected with the case, and the natural inquiry would have been what that connection was The counsel chose to ask a leading question, to which he evidently expected the juror to give his assent, which could be done by an answer of either "yes" or "no" according to his manner and tone of voice, whether with a rising or falling inflection. So likewise his dissent.

The court, therefore, did not err in overruling the motion for a new trial upon this ground.

For the reasons above stated, the judgment will be reversed and the cause remanded for a new trial.

**Jelke**, and **Swing**, JJ., concur.